## INTERSTATE COMMERCE COMMISSION v. BLUE DIAMOND PRODUCTS CO.

### No. 1–27.

United States District Court
S. D. Iowa, W. D.
March 21, 1951.
Order Affirmed Nov. 5, 1951.
See 192 F.2d 43.

William R. Hart, U. S. Atty., Des Moines, Iowa, Leo H. Pou, Washington, D. C., H. J. Simmons, Kansas City, Mo., Herman L. Bode, Attorneys, Interstate Commerce Commission, Minneapolis, Minn., for plaintiff.

Ross, Johnson, Northrop & Stuart, Council Bluffs, Iowa, for defendant.

RILEY, District Judge.

Ruling by the Court on defendant's motion to dismiss:

The Court: Now, Mr. Johnson, for the purpose of our record here I want to be sure that I understand correctly—do I understand that you reassert your motion to dismiss, based on the testimony that was produced here yesterday and the pleadings as they now stand, and the statement of counsel to which you referred yesterday and the colloquy which has taken place here with the Court and counsel?

Mr. Johnson: That is correct, Your Honor, and I move the Court to dismiss the action on those grounds originally urged and set up in our answer.

The Court: Then the Court is prepared to say this—and I wouldn't be candid with you if I didn't tell you that it presents a problem not without some complications.

The original motion to dismiss was asserted by the defendant last October, I believe, before your answer and was ruled upon adversely by my predecessor here. 93 F.Supp. 688. That motion questioned the jurisdiction of the Court over the subject matter, urged the failure of the plaintiff to state a cause of action upon which relief could be granted, complained of the failure to join as indispensable parties the thirteen individuals who are named in paragraph 3 of the complaint, which I will arbitrarily refer to in my own nomenclature as the owner-operators. The defendant reasserted these same defenses in the divisions of its answer; I think all of them in the first and some in the second division of the answer. At the conclusion of the plaintiff's opening statement and the colloquy which followed, the defendant has reasserted its motion to dismiss, basing it on the pleadings, the statement of counsel for the plaintiff and his own statements.

Because of the probability of an extended hearing and the Court's own opinion that if lack of jurisdiction should become apparent during the progress of the trial or the need of bringing in the owner-operators as additional parties manifested itself, either dismissal or a continuance would have to be ordered. In that belief the Court asked counsel for the defendant to submit typical examples of the arrangement or procedure through the medium of which the defendant was alleged to have induced or procured the thirteen individuals named to transport butter in violation of sections 206(a) and 209(a) of the Interstate Commerce Act.

The defendant has now reasserted its motion, including as additional grounds the evidence adduced through the witness M. T. McEvoy, who, I understand, is secretary-treasurer of the defendant.

Mr. Johnson: That is correct, Your Honor.

The Court: When my predecessor denied the defendant's original motion attacking the complaint, he lacked the benefit of the record as it now stands, otherwise I should hesitate to disagree with his conclusions, which showed in his written ruling a very thorough understanding and consideration of the problem that he had before him. Possibly even now his ruling should stand as the correct answer; however, in the present state of the record I am not persuaded that I may proceed and I want to so state my ruling as to provide a final order from which an appeal may lie, and it will permit a higher authority to correct me if I am in error. Only in that way may we avoid for the parties, both the plaintiff and the defendant, the expense of what may be a protracted hearing, which would be entirely needless if my conclusions are correct.

It is the opinion of the court that this action does not lie because the defendant is a shipper and is not included in Title 49, Section 322(b) of the U.S.C.A. as one because of whose violation the Commission may apply to this Court to enforce obedience to the Act by injunction; and I might tell you that I haven't reached that conclusion without some travail.

That section in express terms confers such jurisdiction only as to a "motor carrier or broker who violates the Act by his or its operation."

Section 303 of Title 49, U.S.C.A. says: "As used in this chapter * * * The term 'motor carrier' includes both a common carrier by motor vehicle and a contract carrier by motor vehicle."

"The term 'common carrier by motor vehicle' means any person which holds itself out to the general public to engage in the transportation by motor vehicle in interstate or foreign commerce of passengers or property or any class or classes thereof for compensation, whether over regular or irregular routes, except transportation by motor vehicle by an express company to the extent that such transportation has heretofore been subject to chapter 1 of this title, to which extent such transportation shall continue to be considered to be and shall be regulated as transportation subject to chapter 1 of this title."

Also included in the same section, 303(a), subparagraph (15) is the definition: "The term 'contract carrier by motor vehicle' means any person which, under individual contracts or agreements, engages in the transportation * * * by motor vehicle of passengers or property in interstate or foreign commerce for compensation."

In the same section, subparagraph (17) has this definition: "The term—'private carrier of property by motor vehicle' means any person not included in the terms 'common carrier by motor vehicle' or 'contract carrier by motor vehicle', who or which transports in interstate or foreign commerce by motor vehicle property of which such person is the owner, lessee, or bailee, when such transportation is for the purpose of sale, lease, rent, or bailment, or in furtherance of any commercial enterprise."

I have emphasized the quotes as indicating to me the particularity with which Congress sought to state these definitions and to hedge them about in such a way that there would be no misunderstanding, so that when Congress defined the term "motor carrier" to include "both a common carrier by motor vehicle and a contract carrier by motor vehicle" and failed to include a "private carrier of property by motor vehicle", it seems to me the evidence of an intention deliberately to omit them. Had the Congress intended to include a shipper or a private carrier of property by motor vehicle, as they call it, it could so easily have said so.

Section 302(a) of Title 49 begins with this statement: "The provisions of this chapter apply to the transportation of passengers or property by motor carriers engaged in interstate or foreign commerce * * *." Again the limitation which I must believe is deliberately and understandingly made by Congress. So to me it follows that a cause of action is not stated against this defendant, and as the record and parties now appear, this Court lacks jurisdiction. An examination of the exhibits, 1–12, discloses a situation that on its face to me has the mark of bona fides, creating the relationship of lessor and lessee between defendant who supplements his own fleet of trucks, as the testimony disclosed by hiring a lessor, who leases his equipment on the terms disclosed by exhibits 1 and 7.

■ The complaint declares the defendant to be engaged in the manufacture and processing of butter and in the sale and distribution thereof in interstate commerce. It is a matter of common knowledge that butter is a highly perishable product, readily affected by variances of temperature, and that control of its transportation and delivery at the appropriate time and place in marketable condition is an important factor to both producer and seller, and where they happen to be both, doubly important.

Section 303(a)(17), quoted above, recognizes the right of a private person to carry property by motor vehicle in interstate commerce if he is the owner of the property and if his carriage is for purposes of sale or in furtherance of his own commercial enterprise. Congress does not manifest any intention by this Act to include such person as one of those of whom this Court has the jurisdiction sought to be conferred by Section 322(b).

■ In his opening statement counsel suggested that a denial of this jurisdiction and failure to enjoin could and would cause the loss of a revenue to be derived from the three percent excise tax. Again it is believed that it is the appropriate concern of the Congress to safeguard the collection of that tax if it believes that to that end it is necessary to include within the purview of the Interstate Commerce

Act persons in the situation of this defendant. I cannot bring myself so to construe the plain, unambiguous definitions and words as to bring within the compass of the Act parties who are not expressly named, and particularly do I hold that view when the relief sought is the extraordinary and drastic remedy of injunction. I have always believed and do now that that remedy, to be granted, must have clear and cogent and compelling reasons to prompt its use, because it is a radical result.

 Some mention should be made as to the third ground of the motion, joining the so-called owner-operators. That the question may be resolved if I am found to be in error on the other grounds, I shall state now that unless directed otherwise, should this matter be returned here for trial, I will regard them as persons having a joint interest and expect them to be brought in under Rule 19(a) of the Rules of Civil Procedure, 28 U.S.C.A. Frankly I am at a loss to understand why one or more of them were not initially joined in this present proceeding; the effect otherwise is to try to strike at them over the shoulder of the defendant without giving them an opportunity to protect themselves and, to my mind, rule 24 does not provide the answer. That is relating to their entry here, as you know, by intervention. Plaintiff knows who they are and knows of the questions of law and fact that are common both to them and to the defendant here.

Now, gentlemen, I am not unmindful of the recent opinion of Judge Bell of the United States District Court for the District of Minnesota in the recent case of United States v. LaTuff Transfer Service, Inc., 95 F.Supp. at page 375. The defendant there was the operator of a truck rental business, furnishing his motor vehicles for hire to a shipper for a oneway outbound haul for delivery of the latter's property in interstate commerce. There were two defendants named, the second one being Mr. LaTuff himself, who is the president of the company. The action was a prosecution under the Interstate Commerce Act for the defendants' violation and the defendant was found guilty of having engaged in the transportation of property by motor vehicle in interstate commerce on the public highways for compensation without having a proper certificate of public convenience and necessity to engage in such operations, all in violation of 49 U.S.C.A. § 306(a), and was fined. The one charged with aiding and abetting was the individual defendant, who was president and general manager of the transporting company. I realize that counsel for the Government believes the cases to be analogous. We cannot agree. The complaint here is against the shipper and for the reasons which I have suggested, I do not believe that it can lie. The Clerk will therefore enter the following order:

This matter comes on to be heard in open court at Council Bluffs, Iowa, the defendant has reasserted its motion to dismiss the action based on the pleadings; the statements of counsel and the evidence have been heard in its support; the matter has been fully argued and considered, and it is ordered that the motion of the defendant be and is hereby sustained, to all of which the plaintiff excepts.