### HILDENBRAND et al. v. NATIONAL BUTTER CO. et al.

#### Civ. No. 3907.

United States District Court
D. Minnesota, Fourth Division.

Feb. 8, 1952.

Axelrod, Goodman & Steiner, Chicago, Ill., and Robins, Davis & Lyons, Minneapolis, Minn., for plaintiffs.

Meagher, Geer & Markham, Minneapolis, Minn., for defendants.

JOYCE, District Judge.

Defendants herein move to dismiss this action brought by nine certificated common carriers to enjoin defendants from transporting property in interstate commerce by motor vehicle for compensation unless and until such time as they have obtained from the Interstate Commerce Commission a permit and certificate of convenience and necessity authorizing them to engage in such operations and business. Defendants' motion to dismiss is based upon the grounds that the court is without jurisdiction over the subject matter, and that the plaintiffs are not the proper parties to bring such action.

Jurisdiction is asserted by the plaintiffs to vest in this court under the provisions of 28 U.S.C.A. § 1337, which gives this court original jurisdiction of any civil action or proceeding arising under any act of Congress regulating commerce. The Acts alleged to have been violated are Sections 206(a) and 209(a) of Part II of the Interstate Commerce Act, 49 U.S.C.A. §§ 306(a) and 309(a). The former section provides that no common carrier by motor vehicle shall engage in interstate operation on any public highway unless there is in force with respect to such carrier a certificate of convenience and necessity issued by the Interstate Commerce Commission authorizing such operation. Section 209(a) provides that no person shall engage in the business of a contract carrier by motor vehicle in interstate commerce on any public highway unless there is in force, with respect to such carrier, a permit issued by the Interstate Commerce Commission authorizing such carrier to engage in such business.

The complaint charges defendants National Butter Company, a corporation, Oskey Bros. Truck Leasing Company, Inc., and Clarence J. Premo, an individual, all with principal offices and places of business in Minnesota, with engaging in the transportation of property in interstate commerce by motor vehicle for compensation on public highways between Minneapolis and St. Paul and points in various eastern states. Specific instances of shipments of such property are set out in an exhibit attached to the complaint and cover a period between May 5, 1950 and October 25, 1951. It appears from the complaint that defendant National Butter Company leased on a round trip basis tractors and trailers from defendants, Oskey Bros. and Premo, for the transportation of National's butter from St. Paul to destinations in various eastern states. At the time of entering into such lease agreements National is alleged to have instructed Oskey and Premo to sublease such equipment to motor carriers subject to the jurisdiction of the Interstate Commerce Commission for use by such regulated carriers, apparently, in the transportation of property of other shippers from these eastern states back to St. Paul, which instructions, it is alleged, Oskey Bros. and Premo carried out. It is further

charged that the leased tractors and trailers were operated in the name of National but were not within its control or jurisdiction. Defendants, it is alleged, do not have the permits and certificates required under the sections heretofore cited and operate in direct conflict with and at great detriment to the lawful certificated operations of plaintiffs.

Defendants urge that because Congress has delegated extreme power and authority over transportation matters to the Commission, recourse through the Commission must first be exhausted before the jurisdiction of this court can be invoked. They rely upon Akers Motor Lines, Inc. v. Malone Freight Lines, Inc., D.C.S.D.Ala., 88 F.Supp. 654, 655. That case involved an action by several certificated carriers against another certificated carrier to enjoin the latter's practice in making unsanctioned double use of its irregular route radial authority, thereby invading segments of transportation territory allotted to the former. The court held that the allegations of the complaint disclosed a controversy involving essentially questions of fact concerning the transportation practices of defendant which must be decided before the mutual rights and obligations of the parties could be adjudicated. It concluded that the expertise of the Commission rather than the ponderous procedures of the court should be utilized to resolve the dispute, and the court refused to accept jurisdiction. I agree that the controversy here comes within the holding of the Akers case. Quoting from the opinion in that case:

"As to the broad principle that administrative remedies ought to be exhausted before applying to a court for extraordinary relief, there is, there can be at this late date, no dispute. Conceding the availability of appropriate administrative remedies, it remains to be determined upon the allegations of the complaint whether the controversy disclosed thereby involves only questions of law, soluble in the first instance by the courts, as plaintiffs insist, or involves issues essentially of fact which call for the exercise of administrative discretion, as defendant contends.

"Adverting to the provisions of Part II of the Interstate Commerce Act, it becomes at once apparent that within the scheme ordained by the Congress for 'developing, coordinating, and preserving a national transportation system by * * * highway' there is provided administrative machinery, including a commission composed of experts in the technology of the transportation industry, entirely adequate to deal with disputes involving competing carriers. Specifically, the provisions of the Act relating to the jurisdiction of the Interstate Commerce Commission to regulate motor carriers, its comprehensive power, its authority to investigate and to act upon complaints by any person or organization or upon its own initiative without complaint, together with its provisions as to the necessity for a certificate of convenience and necessity, as to the authority of the Commission to amend, revoke or suspend such certificate, and as to the right of the Commission to resort to the District Courts to enforce obedience to its orders, rules and regulations, demonstrate alike the availability of an adequate administrative remedy to plaintiffs and the wisdom of the Congress in plainly indicating that the expertise of the Commission should be utilized in the screening of controversies in the highly technical field of transportation before invoking the more ponderous procedures of the court."

See Great Northern Railway Co. v. Merchants' Elevator Co., 259 U.S. 285, 42 S.Ct. 477, 66 L.Ed. 943; Civil Aeronautics Board v. Modern Air Transport, 2 Cir., 179 F.2d 622; Trans-Pacific Airlines v. Hawaiian Airlines, 9 Cir., 174 F.2d 63.

In declining to exercise jurisdiction here the court does so because the questions presented are essentially ones of fact and involve primarily the exercise of administrative discretion and expertise. For an insight into the nature of the problems pre-

sented by this type of case see the opinion of this court in Interstate Commerce Commission v. F & F Truck Leasing Co., D.C., 78 F.Supp. 13. See also Dakota Transfer & Storage Co. v. Oskey, d/b/a Kenal Trucking Co.,[1] D.C.Minn., 4th Div., Civil 3126; Briggs Transfer Co. v. La Tuff Transfer Service Inc.,[1] D.C.Minn., 4th Div., Civil 3270—similar suits which have been before this court. In the Briggs case a consent judgment was entered in plaintiffs' favor. The precise question here raised by defendants was not presented to the court in either of the above cases, but had it been it is likely that the court would have reached the same conclusion as it does now. The subsequent proceedings in the Dakota case strengthen the court's belief that controversies such as these should be addressed to the Interstate Commerce Commission. There a motion for temporary injunction was resisted by defendant on the ground that the facts relied upon by plaintiff showed defendant to be within the exemption of Section 203(b) of the Interstate Commerce Act, 49 U.S.C.A. § 303(b), relating to motor vehicles used exclusively in carrying agricultural products. Defendant claimed that dressed poultry is a nonmanufactured agricultural product and the final disposition of the case depended upon a determination of that question. Since that very question was then before the Commission as a whole after extensive hearings by an Examiner, the court denied the motion for temporary injunction. The order was made on February 16, 1950 but no steps have since been taken to bring the matter on for trial and the case is still pending on the calendar. It would perhaps have been the better procedure to have refused jurisdiction in the first instance and allowed the parties to proceed before the Commission.

Also, this court has some doubt as to the status of National Butter Company. Although paragraph 3 of the complaint alleges all defendants to be motor carriers engaged in the transportation of property in interstate commerce by motor vehicle for compensation, yet following paragraphs intimate at least that National is a shipper and as such not included in Title 49, Section 322(b) of the U.S.C.A. as one because of whose violations the Commission may apply to this court. See Interstate Commerce Commission v. Blue Diamond Products Co., S.D.Iowa W.D., 99 F.Supp. 452, an opinion by Judge Riley in which he dismissed an action by the Interstate Commerce Commission to enjoin a manufacturer of butter from inducing and procuring motor carriers to transport property in interstate commerce without such carriers having authority from the Commission to engage in such operations, upon the grounds that the defendant as a shipper was not included in the Interstate Commerce Act. This court, of course, does not now decide the status of National but merely points this out to indicate the investigatory problems involved in determining the transportation practices here in question.

If a further reason be needed for dismissing this action and referring the parties to their remedies before the Interstate Commerce Commission, it lies in the fact that several of the plaintiffs here have participated in and are parties to the leasing arrangements of which they complain and which they seek to enjoin. Werner Transportation Company is involved in at least twenty of the twenty-eight violations cited in the complaint. Plaintiffs Chippewa Motor Freight and Schumacher Motor Express, Inc., have also participated in a number of these arrangements. Nor do plaintiffs controvert defendants' statement that the Interstate Commerce Commission has from time to time investigated the lease arrangements between defendants and has taken no action thereon; nor do plaintiffs allege that the Interstate Commerce Commission has failed or refuses to act.

For these reasons we believe that the controversy presented here can best be dealt with by the administrative procedure and machinery set up under the Interstate Commerce Act, and plaintiffs are referred to their remedies before the Commission.

An order dismissing the action will be entered.

---

1. No opinion for publication.