## BRIGGS TRANSFER CO. et al. v. NATIONAL BUTTER CO. et al.

### No. 14593.

United States Court of Appeals
Eighth Circuit.

Nov. 11, 1952.

David Axelrod, Chicago, Ill. (Jack Goodman, Carl L. Steiner, Chicago, Ill., and Sidney S. Feinberg, Minneapolis, Minn., on the brief), for appellants.

Clyde F. Anderson, Minneapolis, Minn. (Meagher, Geer, Markham & Anderson, Minneapolis, Minn., on the brief), for appellees.

Before GARDNER, Chief Judge, and WOODROUGH and THOMAS, Circuit Judges.

WOODROUGH, Circuit Judge.

This appeal is taken to reverse the judgment of dismissal with costs which was entered pursuant to the opinion of the District court, reported in Hildenbrand v. National Butter Co., 107 F.Supp. 890. There were nine certified common carriers by motor vehicle joined as parties plaintiff in the action and the object of it was to obtain injunctive relief against defendants who were not certified common or contract carriers but were alleged to be engaging in the transportation of property in interstate commerce by motor vehicle for compensation on public highways between Minneapolis and St. Paul and points in various eastern states in violation of Sections 206(a) and 209(a) of Part II of the Interstate Commerce Act, 49 U.S.C.A. §§ 306(a) and 309(a). It was not claimed that defendants were openly holding themselves out or admittedly operating as carriers for hire, but it was alleged that they were making arrangements for the leasing and use of their motor vehicles from which the violations resulted. Plaintiffs claimed that the conduct of defendants threatened irreparable injury to the plaintiffs' business.

It appears from inspection of the complaint, and the court noted in its opinion, that several of the nine plaintiffs in the action "participated in and are parties to the leasing arrangements of which they complain and which they seek to enjoin" and

the plaintiffs so referred to have not joined in this appeal.

It was not alleged in the complaint that the Interstate Commerce Commission had been applied to or that it has refused to consider or to act in respect to the matters set forth in the complaint. But in the uncontroverted affidavit filed by defendants in support of their motion to dismiss for want of jurisdiction, it was stated that the Interstate Commerce Commission has from time to time investigated the lease arrangements between the defendants and "is not taking any action against the defendants."

It appeared to the trial court that the questions presented in the case were essentially fact questions involving primarily the exercise of administrative discretion and expertise. It considered that the controversy presented could best be dealt with in the first instance by the administrative procedure and means provided by the Interstate Commerce Act. It declined to take jurisdiction of the complaint for injunction for the reasons clearly stated in its published opinion supported by the cases cited. It referred the plaintiffs to their remedies before the Commission and dismissed the complaint for injunction at plaintiffs' costs.

On this appeal it is contended for appellants, (1) that the trial court erred in failing to take jurisdiction of the case under the general provisions of 28 U.S.C.A. § 1337, and that the rule as to primary jurisdiction or exhaustion of administrative remedies did not justify the court in declining jurisdiction; and (2) that the court erred in refusing to take jurisdiction on the ground that the questions presented were essentially ones of fact calling for administrative solution.

1. The trial court, in effect, held the administrative remedy provided by the statutes had not been exhausted in the case at bar. That administrative remedy is set out in Section 204(a) (6) of Part II of the Interstate Commerce Act, 49 U.S.C.A. § 304 (a) (6), where it is provided: "It shall be the duty of the Commission * * *. To administer, execute, and enforce all provisions of this chapter, to make all necessary orders in connection therewith, and to pre-. scribe rules, regulations, and procedure for such administration". Appellants contend that that administrative remedy does not limit the general jurisdiction of the District court and that the court should have taken jurisdiction.

In ruling that the nature of the controversy was such as to call for administrative action and not for resort to the extraordinary, discretionary remedy by injunction in the first instance, the trial court relied upon its own informed understanding of it and also upon parallel knowledge and experience reflected in the opinion of the District court of Alabama in the analogous case of Akers Motor Lines, Inc. v. Malone Freight Lines, Inc., 88 F.Supp. 654, which it cited and quoted from. Without repeating the opinion, we think the trial court has fully supported its decision declining to entertain the complaint for injunction on reason and authority.

2. In support of its other point argued, appellants state: "district courts have, almost without exception, taken jurisdiction of cases in which the factual questions involved were the same as the instant case and from which determinations were made concerning the illegality of the arrangements involved without requiring consideration of the facts by administrative agencies."

But we think the cases referred to, I. C. C. v. F. & F. Truck Leasing Co., D.C., 78 F.Supp. 13; Georgia Truck System, Inc., v. I. C. C., 5 Cir., 123 F.2d 210; Bridge Auto Renting Corp. v. Pedrick, 2 Cir., 174 F.2d 733; I. C. C. v. Pickard, D.C., 42 F. Supp. 351; United States v. Steffke, D.C., 36 F.Supp. 257; I. C. C. v. Cheesebrough, D.C., 77 F.Supp. 441; I. C. C. v. Isner, D. C., 92 F.Supp. 582, 583; Texas & Pacific R. R. Co. v. Gulf C. & S. F. R. R. Co., 270 U.S. 266, 46 S.Ct. 263, 70 L.Ed. 578; Detroit & M. Ry. Co. v. Boyne City, G. & A. R. Co., D.C., 286 F. 540, are distinguishable from the case at bar. In the majority of them, the Interstate Commerce Commission itself was a party, and the wording of the statute, Section 222(b) of Part II of the Interstate Commerce Act, 49 U.S.C.A. § 322 (b), is "the Commission or its duly authorized agent may apply to the district court

* * * for the enforcement of such provision of this chapter * * *".

Others of the cases turn on procedures under different statutes, e. g., taxing statutes or criminal statutes. Still others involve actions between railroad carriers, and as to such carriers the terms of the applicable statute, 49 U.S.C.A. § 1(20) provide that certain violations "may be enjoined * * * at the suit of the United States, the commission, * * * or any party in interest". There is no comparable provision in 49 U.S.C.A. § 322(b) for suit by "any party in interest", but only for injunction suit by "the Commission or its duly authorized agent".

In the recent case of Empire Box Corp. v. Willard Sulzberger Motor Co., D.C., 104 F.Supp. 762, there was a vehicle-leasing contract between two private parties and it was determined that the contract violated the provisions of the Interstate Commerce Act. But the injunctive relief that was awarded in that action was awarded to the Interstate Commerce Commission which became a party to the action. The court, after having found the contract illegal, stated at page 767 of 104 F. Supp.: "The evidence in this case is sufficient to entitle *the Commission* to injunctive relief * * *." (Emphasis supplied.) The case lends no support to the private parties who sought injunction on their own account and without regard to the Commission in this case.

The trial court declined "to exercise jurisdiction here * * * because the questions presented are essentially ones of fact and involve primarily the exercise of administrative discretion and expertise". We have been directed to no precedent or statute declaring that that decision of the trial court is erroneous in such a case as this. Although somewhat similar cases have been before the courts, as shown in the cases cited by appellants, in situations where the courts have been required by the statutes to take jurisdiction (e. g. where the Interstate Commerce Commission itself was a party), nevertheless where intricate, practical, factual considerations in the involved field of motor transportation are concerned, the courts, in effectuating the National Transportation Policy, are entitled to have the benefit of prior consideration of the matters by the administrative agency established for that purpose. The trial court properly held that factual questions are present in this controversy and that those factual questions should first be brought before the Interstate Commerce Commission before resort to the courts.

The matter involved here is the use of public highways for motor transport of goods over a vast area. There can be no doubt that the intention of Congress is to cause a regulation of such use of the highways through the agency of the Interstate Commerce Commission. Only by enactment and application of nation-wide, uniform regulations, issuing from an expert and informed body, and by other appropriate action of the Commission, does Congress expect to achieve its aim of protecting the public interest in our highway and transportation system. Piecemeal injunction suits in the various district courts by interested parties and against particular, selected defendants will not suffice. It is the evident intention of Congress to leave such cases as the one at bar to be dealt with in the first instance by the administrative procedure and machinery that the Congress has set up in the Interstate Commerce Act.

We find no error in the judgment of dismissal entered by the trial court and it is in all respects affirmed.